Hubbell v. Abbott.

---

[No. 1112, March 2, 1906.]

THOMAS S. HUBBELL, Relator, v. IRA A. ABBOTT, Judge of the Second Judicial District and of the District Court of Bernalillo County, Territory of New Mexico, Respondent.

### SYLLABUS.

A writ of prohibition should be quashed, when it appears by the hearing in the Supreme Court that if made absolute, it would afford no effectual relief to the relator.

### PROHIBITION.

WILLIAM B. CHILDERS and A. B. McMILLEN, with whom on the briefs was E. W. DOBSON, for relator.

The questions arising in this case are very important. They are as follows:

· First. Can a court pass upon the rights of any person claiming to hold an office to which he has been elected by the people of the Territory of New Mexico, without any cause pending in court in which there can be a judicial hearing and from which an appeal can be taken?

Second. Has the governor of the Territory of New Mexico the power to remove from office an official elected under the laws of the Territory passed by the Legislative Assembly of the Territory of New Mexico under the power conferred upon that body by the act of Congress creating a government for the Territory?

Third. Can the governor of the Territory of New Mexico be vested with judicial power by any act of the Legislature of New Mexico?

Fourth. Can the governor under the provision of Section 3 of the Organic Act of the Territory of New Mexico, which provides, that he "shall take care that the laws be faithfully executed," remove a county official elected by the people. Does this provision confer upon him any such power?

Fifth. Did the Legislative Assembly of the Territory of New Mexico have power to enact the statute relating to the removal of officers, Compiled Laws of 1865, beginning with Section 844, Compiled Laws of 1897, which provides that the sheriff can only be removed from office by filing charges against him in the district court, with a regular trial?

Jurisdiction absolutely requires that there should be a cause, parties, notice and a hearing.

> U. S. v. Arredondo, 6 Peters, 109; Sheldon v. Newton, 3 O. S. 494; Windsor v. McVeigh, 93 U. S. 274; Anthony v. Kasey, 83 Va. 338; 5 Am. St. Rep. 277; Thurman v. Morton, 79 Va. 367; Freeman on Judgments, Sec. 120 a. p. 193-4; Stewart v. Palmer, 74 N. Y. 191.

"In summary proceedings, where a court exercises an extraordinary power, under a special statute prescribing its course, we think that course ought to be exactly

Hubbell v. Abbott.

observed, and those facts especially which give jurisdiction, ought to appear in order to show that its proceedings are coram judice."

> Thatcher v. Powell, 6 Wheat. 119; Ford v. Doyle, 37 Calif. 346; Mosely v. Cocke, 7 Leigh, 225; Becket v. Cuenni, 15 Colo. 281; 22 Am. St. Rep. 399; Young v. Rosenbaum, 39 Calif. 645.

The statute of New Mexico on the subject of prohibition and the Organic Act are fully considered and construed in the case of

> ' Mining Co. v. District Judge, 7 N. M. 486.

Where the court has clearly no jurisdiction of the suit or prosecution instituted before it, and the defendant therein has objected to its jurisdiction at the ouset, and has no other remedy, he is entitled to a writ on prohibition, as a matter of right; and a refusal to grant it, where all the proceedings appear of record, may be reviewed on error. This is the clear result of the modern English decisions, in which the law concerning writs of prohibition has been more fully discussed and explained than in the older authorities.

> In re Foster, 4 B. & S. 187, 199; Mayor etc., of London v. Cox, L. R. 2 H. L. 239, 280; Worthington v. Jeffries, L. R. 10 C. P. 379, 380; Chambers v. Green, L. R. 20 Eq. 552, 555. See also Weston v. City Council of Charleston, 2 Pet. 449, reversing on error S. C. Harper, 340; Smith v. Whitney, 116 U. S. 173.

Among other cases in which the constitutionality of statutes have been passed upon in proceedings in prohibition may be cited the following:

> Levy v. Superior Court, 105 Cal. 600, 38 Pac. 965, 29 L. A. 811; Connecticut River R. Co. v. Franklin Co. 127, Mass. 50; 34 Am. Rep. 338; McInerney v. Denver, 17 Colo. 302, 29 Pac. 516; Sweet v. Hulbert, 51 Barb. (N. Y.) 312; Bell v. District Court, 81 Pac. 876; Advance Sheets No. 13; Bruner v. Superior Court, 92 Cal. 267; 28 Pac. 341; People v.

> Spiers, 4 Utah, 395; 10 Pac. 609, 11 Pac. 509;
> State v. Elkin, 130 Mo. 90, 30 S. W. 333.

"And where a state of facts is presented calling for the use of the writ according to the principles and usages of law, and where no other remedy is available, its allowance is not discretionary, but a matter of right."

> Id., page 337; See also, State v. Rombauer, 105 Mo. 103, 16 S. W. 695.

The action of the court after the service of the writ of prohibition was null and void; which is fully discussed in this case and authorities quoted as follows:

> Loyd, Prohib. 67; Jones v. Owens, 18 Law J. Q. B., 8; Marsden v. Wardle, 3 El. & Bl. 695; White v. Steele, vB. C. B. (N. S.) 412; Har. Ent. p. 450; State v. St. Louis Court of Appeals, 97 Mo. 283; 10 S. W. Rep. 874; Forest Coal Co. v. Doolittle, 46 S. E. 239; Cosby v. Superior Court, 110 Cal. 51.

NEILL B. FIELD, with whom on the brief was F. W. CLANCY, for respondent.

The writ should not have been granted because it appeared from the affidavits submitted, that the district court had adjudicated the matter sought to be prohibited when the writ was applied for.

"The writ of prohibition, as its name imports, is one which commands the person to whom it is directed not to do something which, by the suggestion of the relator, the court is informed he is about to do. If the thing be already done, it is manifest the writ of prohibition cannot undo it, for that would require an affirmative act; and the only effect of a writ of prohibition is to suspend all action, and to prevent any further proceeding in the prohibited direction.

> Kimmerle v. Houston, Etc., R. R., 76 Texas 686; Freeman on Judgments, Secs. 118 and 120; Dunlap v. Southerlin, 13 Texas 38; U. S. v. Hoffman, 4 Wall. 161-2; Smith v. Speed, 55 L. R. A. 204.

If Mr. Hubbell was improperly imprisoned, if the

Hubbell v. Abbott.

district court exceeded its authority in ordering him to be imprisoned, if that order was void, or defective because not made in a pending proceeding, the remedy was manifestly by *habeas corpus* where he could, upon judicial determination, have been enlarged from his imprisonment.

> U. S. v. Hoffman, 4 Wall. 161-2; Ex. parte Easton, 95 U. S. 68; Dayton v. Paine, 15 Minn. 493; Moss v. Burckhartt, 87 Mo. 539; State v. Commissioner of Roads, 12 Am. Dec. 596 and Note; In re Watts, 190 U. S. 1; Smith v. Speed, 55 L. R. A. 204; Mills v. Green, 159 U. S. 653; Tennessee v. Condon, 189 U. S. 69.

If the office of a writ of prohibition is to arrest the proceedings where they are when the writ is served and to preserve the then status quo, it would follow that the situation of Mr. Hubbell and Mr. Armijo, with relation to their respective claims to be in possession of the office of sheriff of Bernalillo county if changed at all from its present aspect, would be changed only in so far as that Mr. Hubbell would be returned to imprisonment, there to remain until lawfully discharged, because that was his status when the writ was awarded.

> Mills v. Green, 159 U. S. 653; Kimball v. Kimball, 174 U. S. 163; Tennessee v. Condon, 189 U. S. 69.

This writ should not have been granted without notice and an opportunity to show cause against it. Mr. Hubbell's rights were not being invaded and the district court was not exceeding its jurisdiction.

> In re Parsons, 150 U. S. 155-6; In re O'Neal et al., 57 Fed. 293; Conklin v. Cunningham, 7 N. M. 486 and Eldodt v. Territory, 10 N. M. 141.

It is a notable fact that the Supreme Court of the United States never awards a writ of prohibition directed to an inferior tribunal without first issuing a rule to show cause.

> In re Parsons, 150 U. S. 155-6; In re O'Neal et al., 57 Fed. 293; Conklin v. Cun-

ningham, 7 N. M. 486; Eldodt v. Territory, 10 N. M. 1414; In re Cooper, 143 U. S. 472; McCue v. Circuit Court, 51 Iowa, 60.

### OPINION OF THE COURT.

MILLS, C. J.—This is a proceeding in which the relator obtained from the Hon. Edward A. Mann, Associate Justice of the Supreme Court of the Territory of New Mexico, and judge of the Sixth Judicial District thereof, a preliminary writ of prohibition returnable on the first day of the present term of this court, to-wit: January 3rd, 1906, against the Hon. Ira A. Abbott, individually and as a judge of the Second Judicial District and of the district court of the county of Bernalillo, Territory of New Mexico.

The facts of the case are stated concisely in the brief filed by the attorneys of the respondent, and we adopt their statement as that of the court. It reads:

"The writ was based upon two affidavits of the relator in which were set forth certain orders made and entered by the respondent in his official capacity which were alleged to be in excess of the jurisdiction of the court over which the respondent presides, as well as the reasons upon which the relator relied to establish the illegality of the acts of respondent. While these affidavits together with the exhibits attached to them are quite voluminous, it is only necessary for the purpose of this brief to say that they charge that the relator had been removed from office by the governor of the Territory and that one Perfecto Armijo had been appointed and commissioned by the governor in his place and stead; that the relator denied the power of the governor to remove him and to appoint said Armijo, and denied that the commission of the governor and Armijo's qualification thereunder were effectual and claimed that Armijo could not be recognized ac sheriff of the county of Bernalillo until such time as he should by a proceeding in *quo warranto* establish the validity of his appointment and commission. Relator affirmed that the respondent was proceeding to determine the question of title to the office of sheriff of Bernalillo county and to adjudge that Armijo was, and the relator

was not invested with a valid title thereto at a time when there was no proceeding pending before the court over which respondent presides. It will be observed that the two affidavits narrate as facts no more than the proceedings before the governor, the action of Armijo thereunder and the orders of the district court thereon and that all else contained in the affidavits are mere statements of conclusions of law. It does appear, however, that at the time of the granting of the writ the relator was in jail and that no other proceedings were contemplated, except to continue him in jail until he complied with the order of the court."

The preliminary writ was duly served upon the respondent on the seventh day of October, 1905.

The respondent filed a motion to quash the writ, the motion containing nine grounds, as follows:

1.    It appears from the record that the orders in the writ of prohibition contained, refer only to matters or acts already performed at the time the writ was allowed.

2.    It appears from the report that, at the time said writ was allowed, the said district court had disposed of the matters referred to in said writ, so that nothing remained to be done and therefore there was nothing upon which the writ of prohibition could operate.

3.    It appears from the record that, at the time the writ was allowed, no act was threatened or contemplated in the direction of passing upon or determining the rights of said Perfecto Armijo to the office of sheriff of Bernalillo county.

4.    It appears from the record that, at the time the writ was allowed, no act was threatened or contemplated in the direction of ordering, or enforcing any order, that the said Thomas S. Hubbell should deliver to the said Perfecto Armijo possession of the county jail or of the prisoners therein confined, or of a room in the court house of Bernalillo county, or of the records and paraphernalia of the office of sheriff, everything necessary to that end having already been performed.

5.    The writ seeks to prohibit a court of general jurisdiction from punishing disobedience to its orders as a contempt.

6. It appears from the record that, at the time the said writ was allowed, the said Thomas S. Hubbell was confined in the jail of Bernalillo county for contempt of the authority of said district court; in having disobeyed the order of said court sought to be prohibited, and his remedy to obtain release from such imprisonment, if unlawful, was by writ of *habeas corpus,* and not by writ of prohibition.

7. It is impossible for this court to grant said Hubbell any effectual relief in this case.

8. It appears from the records of this court in the case of Thomas S. Hubbell, appellant, against Perfecto Armijo, that said Hubbell, by the institution of a proceeding in the nature of a *quo warranto,* admitted that he had been deprived of the possession of the office of sheriff of Bernalillo county, and that it was in said Perfecto Armijo.

9. The writ was allowed *ex parte,* without notice to respondent or opportunity for any hearing on the application.

Upon this motion to quash, the hearing was had by this court on January 23rd, 1906.

For the reasons indicated in the opinion of the court in Hubbell v. Dame, Clerk, this day decided, we are of opinion that the writ of prohibition should be quashed upon the ground that, even if made absolute, it would afford no effectual relief to the relator, Hubbell. The proceedings disclose that the writ was applied for because of two supposed emergencies, *first,* that the judge of the Second Judicial District was proceeding, notwithstanding the alleged fact that Hubbell was in full possession of the office of sheriff as at least the *de facto* incumbent thereof, to require the clerk to deliver and to continue to deliver all process for service to one Perfecto Armijo, a rival claimant to the office and *second,* that said judge had *ex parte* and without notice or proceedings filed to that end made an order requiring the relator to yield up the possession of the office of sheriff, its books, paraphernalia and jail to Armijo and upon relator's failure to comply therewith had committed him for contempt. As pointed out in the case first above mentioned, however, the status of

the case has entirely changed pending this proceeding. Hubbell is no longer in possession of the office; he has, we are informed by the argument at the bar, complied with the order of the court as to the possession of the office and its accessories and has delivered it up to Armijo. He has, we are likewise informed by the argument at bar, been released from the imprisonment imposed for contempt. We can, therefore, see no utility in the perpetuation of a writ whose only objects are to secure writs for service which, if delivered to him could no longer be served; to restrain the enforcement of an order which he has already obeyed, to avoid an imprisonment from which he has already been released.

The preliminary writ of prohibition heretofore allowed is accordingly quashed.

John R. McFie, A. J., Frank W. Parker, A. J., Wm. H. Pope, A. J., concur.

Mann, A. J., and Abbott, A. J. took no part in this decision.